**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                             Case No.:   3:19-cr-204-BJD-MCR

HUGO CRUZ-MEDINA

_____

**ORDER**

This cause is before the Court on Defendant Hugo Cruz-Medina's "Motion for Reduction of Sentence Pursuant to § 3624(c)(2) and Amendments Set Out in the 'First Step Act.'" (Doc. 57, Motion). Defendant is serving a 41-month term of imprisonment for conspiracy to commit mail fraud and wire fraud, conspiracy to defraud the Internal Revenue Service, and unlawful presence in the United States following a previous deportation or removal. (Doc. 50, Judgment). Defendant, who states that he will be eligible for home detention on May 18, 2022, requests that the Court order him to be transferred to home confinement under Section 602 of the First Step Act and 18 U.S.C. § 3624(c)(2). Motion at 1–2. Defendant also appears to argue, without elaboration, that he is entitled to a two-level reduction of his sentencing guidelines calculation, and a corresponding sentence reduction, under 18 U.S.C. § 3582(c)(2). Id.

To the extent Defendant requests that the Court order him to be transferred to home confinement, the Court has no authority to do so. Section

1

602 of the First Step Act, titled "Home Confinement for Low-Risk Prisoners," amended 18 U.S.C. § 3624 by adding the following: "The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 602; see also 18 U.S.C. § 3624(c)(2). The "maximum amount of time permitted" under § 3624(c)(2) is "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). But as a result of the COVID-19 pandemic, Congress passed the CARES Act, part of which "permits the BOP to 'lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement' under 18 U.S.C. § 3624(c)(2), as it deems appropriate." Touizer v. U.S. Att'y Gen., No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021) (quoting CARES Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2)). However, the Eleventh Circuit has held that neither the CARES Act nor § 3624(c)(2) gives a district court any power to order the BOP to transfer an inmate to home confinement. Id.; see also United States v. Groover, 844 F. App'x 185, 188 (11th Cir. 2021) ("Neither § 3624(c)(2) nor the CARES Act, however, give the judiciary any authority to grant an inmate's request for home confinement."). For the reasons stated in Touzier and Groover, the Court lacks the power to order the BOP to transfer Defendant from a BOP facility to home detention.

2

Defendant also suggests that he seeks a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that –
> …
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(2). The applicable policy statement for sentence reductions under § 3582(c)(2) is U.S.S.G. § 1B1.10. Under that policy statement, only the sentencing guidelines amendments listed in § 1B1.10(d) have retroactive effect, such as would authorize a sentence reduction under § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(A). Defendant does not cite any "covered amendments" that would authorize a sentence reduction. Indeed, the last covered amendment was Amendment 782, see § 1B1.10(d), which has an effective date of November 1, 2014, and concerned controlled substance offenses, see U.S.S.G. Supp. App'x C, Amendment 782. Because Defendant was sentenced in 2021 for fraud and illegal re-entry offenses (see Doc. 50), it is inconceivable that Amendment 782 (or any other covered amendment) affords him any relief.

Defendant points to no authority that enables the Court to transfer him to home confinement or to reduce his sentence. Defendant's Motion (Doc. 57) is therefore **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of February, 2022.

　　　　　　　　　　　　　　　　　　　　　BRIAN J. DAVIS
　　　　　　　　　　　　　　　　　　　　United States District Judge

lc 19
Copies:
Counsel of record
Defendant